IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT WAYNE MITCHELL, 599854,<br>   Petitioner, | )<br>)<br>) |
| v. | )  No. 3:12-CV-730-P |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>   Respondent. | )<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:** On October 4, 1991, Petitioner was convicted of theft of property and was sentenced as a career offender to thirty years in prison.

On July 5, 1999, Petitioner was release to parole. On January 10, 2008, Petitioner's parole was revoked as a result of new convictions. When Petitioner's parole was revoked, he forfeited all previously earned good-time and education time credits.

In this petition, Petitioner challenges the calculation of his time credits once his parole was revoked. He argues :

(1) He was wrongfully denied street-time credits;

(2) He was wrongfully denied good-time credits;

(3) He was wrongfully denied education-time credits;

(4) He was wrongfully denied the correct time-earning status;

(5) He was wrongfully denied his mandatory release date; and

(6) He was wrongfully denied early release time credits.

The Court finds the petition is successive and should be transferred to the Fifth Circuit Court of Appeals.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been brought in an earlier petitioner; or 2) otherwise constitutes an abuse of the writ." *Cronev. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

In this case, Petitioner filed a previous § 2254 petition on June 30, 2008. *Mitchell v. Quarterman*, No. 3:08-CV-1152 (N.D. Tex.). In that petition, he challenged his parole revocation but did not raise his time credit claims. On March 25, 2009, the petition was dismissed and denied.

On May 27, 2008, Petitioner filed a time-credit dispute with TDCJ contesting his time credits. (Resp. Ex. A.) Therefore, at the time Petitioner filed his first § 2254 petition on June 30, 2008, he was aware of his time-credits claims. The current § 2254 petition is a later-filed petition containing claims that could have been raised in Petitioner's first § 2254 petition. This petition is therefore successive.

A defendant must show that a successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 14th day of November, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).